IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO. 14-00326 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| | ) | JUDGMENT AGAINST DEFENDANT KONA |
| KONA KUSTOM TOURS LLC, ET AL., | ) | KUSTOM TOURS LLC, A HAWAII |
| | ) | LIMITED LIABILITY COMPANY, DBA |
| Defendants. | ) | KONA KUSTOM TOURS, AND |
| | ) | DEFENDANT PHILIP D. DAVIDSON, |
| | ) | AN INDIVIDUAL, AKA PHILIP |
| _____ | ) | DAVIDSON |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
KONA KUSTOM TOURS LLC, A HAWAII LIMITED LIABILITY COMPANY,
DBA KONA KUSTOM TOURS, AND DEFENDANT PHILIP D. DAVIDSON,
<u>AN INDIVIDUAL, AKA PHILIP DAVIDSON</u>[1]

Before the Court is Plaintiff Pacific Stock, Inc.'s Motion for Default Judgment Against Defendant Kona Kustom Tours LLC, a Hawaii Limited Liability Company, dba Kona Kustoms Tours, and Defendant Philip D. Davidson, an Individual, aka Philip Davidson (collectively "Defendants"), filed on November 5, 2014 ("Motion"). ECF No. 15. Defendants were served with a copy of the Motion, but did not file an opposition or otherwise respond. See ECF No. 15-6. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 16.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

This action arises out of Defendants' alleged unlawful use of fourteen copyrighted photographic works (collectively, "Copyrighted Works") that were created by several photographers who assigned ownership of all rights, title, and interest in the copyrights to their respective photographic works to Plaintiff. Compl. ¶ 10.  Plaintiff licenses the Copyrighted Works for commercial and other uses.  Compl. ¶ 12.

Between 2011 and 2012, Plaintiff learned that Defendants were using the Copyrighted Works on their commercial website for over two years without obtaining licenses or consents from Plaintiff.  Compl. ¶ 13.  On February 18, 2014, Plaintiff's counsel sent a cease and desist letter to Defendants requesting Defendants pay a retroactive licensing fee for the use of the Copyrighted Works.  Compl. ¶ 14.  Despite this cease and desist letter, Defendants continued to use twelve of the fourteen Copyrighted Works on Defendants' commercial website without obtaining licenses or consents from Plaintiff.  Compl. ¶ 15.

Plaintiff filed a Complaint against Defendants on July 18, 2014, alleging claims of copyright infringement and

violations of the Digital Millennium Copyright Act ("DMCA") based on Defendants' use of the Copyrighted Works on their website and their alteration of Plaintiff's copyright management information on the Copyrighted Works.  Compl. ¶¶ 20-40; Ex. A to Compl.  Plaintiff alleges that Defendant Davidson, the sole owner of Defendant Kona Kustom Tours, is vicariously liable for Kona Kustom Tours's infringing activity.  Compl. ¶ 18.  The Clerk entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 29, 2014.  ECF No. 12.  The present Motion followed.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

>     (1)  the possibility of prejudice to the
>          plaintiff;
>
>     (2)  the merits of plaintiff's substantive
>          claim;
>
>     (3)  the sufficiency of the complaint;
>
>     (4)  the sum of money at stake in the action;
>
>     (5)  the possibility of a dispute concerning
>          material facts;
>
>     (6)  whether the default was due to excusable
>          neglect; and
>
>     (7)  the strong policy underlying the Federal
>          Rules of Civil Procedure favoring
>          decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.  Jurisdiction**

4

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendants. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and violations of the DMCA. See 17 U.S.C. §§ 501, 1202; 28 U.S.C. §§ 1331, 1338(a). Second, the Court has personal jurisdiction over Defendants because Defendants were personally served with the Summons on July 23, 2014, and the Complaint on August 4, 2014. ECF Nos. 9, 10; Decl. of Counsel in Support of Motion for Entry of Default of Defendants ¶¶ 4, 5; Fed. R. Civ. P. 4(e)(2)(A). The Court finds that it has both subject matter and personal jurisdiction.

**B.    Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

**1.    The Possibility of Prejudice to Plaintiff**

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D.

Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

**2. Merits of Plaintiff's Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiff brought this action against Defendants for copyright infringement and for violations of the DMCA.

First, "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (citation omitted); see also Rice v. Fox Broad. Co., 330 F.3d 1170, 1174 (9th Cir. 2003). Plaintiff alleges ownership of the Copyrighted Works and provides a table listing each photograph with their respective copyright registration number issued by the United States Copyright Office. Compl. ¶ 11. Plaintiff also alleges that Defendants used the Copyrighted Works on Defendants' website. Compl. ¶ 13. Plaintiff attached copies of the Copyrighted Works and screen shots from Defendants' website showing Defendants' use of the Copyrighted Works. Ex. A to Compl.

Second, to establish a violation of the DMCA, Plaintiff

6

must prove that Defendants intentionally removed or altered Plaintiff's copyright management information from the Copyrighted Works. See 17 U.S.C. § 1202(b). In addition to alleging that Defendants removed Plaintiff's copyright management information, as noted above, Plaintiff also attached copies of their Copyrighted Works and screen shots from Defendants' website. See Compl. ¶¶ 16, 17; Ex. A to Compl.

Plaintiff's allegations and attached exhibits are sufficient to establish that Plaintiff is entitled to judgment against Defendants for copyright infringement and for violations of the DMCA. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion and the Complaint. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. Bd. of Trustees v. Core Concrete Const., Inc., No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), adopted by 2012 WL 381198 (N.D.

Cal. Feb. 6, 2012). Although damages should generally bear some relation to the actual damages suffered, because statutory damages are often used in cases where actual damages are difficult to prove, they cannot correspond exactly with actual damages. Photo Res. Hawai'i, Inc. v. Am. Hawai'i Travel Inc., No. CIV0700134DAELEK, 2007 WL 4373549, at *3 (D. Haw. Dec. 12, 2007), adopted by, 2008 WL 41425 (D. Haw. Jan. 2, 2008) (citing Fitzgerald Pub. Co. v. Baylor Pub. Co., 670 F. Supp. 1133, 1140 (E.D.N.Y. 1987), aff'd, 862 F.2d 304 (2d Cir. 1988)).

Plaintiff seeks $580,000 in statutory damages, plus attorneys' fees and costs. ECF No. 12-1 at 26-29. Plaintiff would have received a total of $29,190 in license fees for the Copyrighted Works. See Decl. of Barbara Brundage; ECF No. 15-2 at 3-4. Plaintiff's requested amount represents nineteen times the amount that Plaintiff would have received in licensing fees for the Copyrighted Works. The Court finds this amount substantial and unreasonable in relation to the seriousness of Defendants' conduct. Accordingly, the Court finds that this factor weighs against default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendants have been given a fair amount of time to answer the

Complaint to deny that they infringed Plaintiff's works; Defendants have not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect. Plaintiff served Defendants with the Complaint on August 4, 2014. ECF No. 10. Defendants did not file a response to Plaintiff's Complaint. In addition, Plaintiff served Defendants with notice of this Motion on November 5, 2014. ECF No. 15-6. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have not appeared in this matter to date. The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendants' failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D.

Cal. 2003) ("[T]he mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendants have failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendants.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendants.

## C. Remedies

Although Defendants' default establishes their liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled. See Fair Hous. of Marin, 285 F.3d at 906. In its Motion, Plaintiff requests the following: (1) statutory damages for willful copyright infringement; (2) statutory damages for violation of the DMCA; (3) injunctive relief; and (4) attorneys' fees and costs. See ECF No. 15 at 23-29. Each of Plaintiff's requested remedies is addressed below.

### 1. Statutory Damages Under the Copyright Act

Plaintiff may elect to seek an award of statutory damages of no less than $750 and up to $30,000 per copyright infringement as an alternative to actual damages. See 28 U.S.C. § 504(c)(1). If Plaintiff is able to prove that the infringement

was willful, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. See id. § 504(c)(2). Courts have wide discretion in determining the amount of statutory damages within the allowable range. See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001). The court should consider what is just based on the nature of the copyright, the circumstances of the infringement, and other relevant circumstances. L.A. News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998).

Here, Plaintiff requests an enhanced damages award under Section 504(c)(2) asserting that Defendants' infringement was committed wilfully. Compl. ¶¶ 22, 23. An infringement is willful under the Copyright Act if the defendant had knowledge that his conduct was infringing, or the defendant acted with reckless disregard for the copyright holder's rights. Sega Enterprises v. MAPHIA, 948 F.Supp. 923, 936 (N.D. Cal. 1996). The Court finds that Plaintiff has established that Defendants' infringement was willful based on the allegations that Defendants continued to use the Copyrighted Works on their website after Plaintiff notified Defendants of their infringement in September 2012. See Compl. ¶ 15.

Plaintiff requests $555,000 in statutory damages under the Copyright Act. ECF No. 12-1 at 26. According to Plaintiff, Plaintiff would have received $29,190 in licensing fees for the

11

Copyrighted Works.  See Decl. of Barbara Brundage; ECF No. 15-2 at 6.  As noted above, this is approximately nineteen times the amount that Plaintiff would have received had Defendants obtained a license to use the Copyrighted Works.  Id.  Despite Defendants' willful conduct, the Court finds that Plaintiff's request for $555,000 in statutory damages is not appropriate.  The Court finds that an award of three times the amount Plaintiff would have received in licensing fees is appropriate.  The Court RECOMMENDS that Plaintiff be awarded $87,570 in statutory damages under the Copyright Act.

**2. Statutory Damages under the DMCA**

The DMCA provides that Plaintiff may elect to seek statutory damages for each violation in the sum of not less than $2,500 or more than $25,000.  See 17 U.S.C. § 1203(c).  Here, Plaintiff has established that Defendants used the Copyrighted Works and removed or altered the copyright management information which appears on each image.  See Exs. B and C to Compl.  Given the numerous violations of the DMCA, the Court finds that Plaintiff's request for $25,000 in statutory damages is reasonable under the circumstances.  The Court RECOMMENDS that Plaintiff be awarded $25,000 in statutory damages under the DMCA.

**3. Injunctive Relief**

Plaintiff asks the Court for an injunction permanently enjoining and restraining Defendants from infringing on

Plaintiff's Copyrighted Works and from further violating the DMCA. ECF No. 15-1 at 29. A plaintiff seeking a permanent injunction in a copyright infringement action must establish:

> (1) that it has suffered an irreparable injury;
>
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
>
> (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 996 (9th Cir. 2011). Here, Plaintiff has demonstrated that Defendants continue to infringe twelve of the fourteen Copyrighted Works despite notice to Defendants. See Ex. A to Compl. Permanent injunction appears necessary to prevent continuing infringement or further harm. The public interest is served by enforcing the Copyright Act and DMCA. Accordingly, the Court RECOMMENDS that Plaintiff's request for injunctive relief against Defendants be GRANTED.

### 4. Attorneys' Fees and Costs

The Court has discretion to "allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Courts consider five non-exclusive

factors in determining whether to award fees:  (1) the degree of success obtained; (2) the frivolousness of the claim; (3) plaintiff's motivation in bringing its claim; (4) the objective reasonableness of defendant's arguments; and (5) the need to advance considerations of compensation and deterrence.  Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994). Here, these factors support an award of fees and costs. Plaintiff has achieved success on their claims; their claims were not frivolous; Defendants' failure to defend this action was unreasonable; and an award of fees and costs would further the Copyright Act's goals of compensation and deterrence.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).  Here, Plaintiff requests $7,039.26 in attorneys' fees and taxes incurred in this action.  ECF No. 12-1 at 28.

First, the Court finds that the hours requested are

reasonable.  The request includes 10.3 hours for work performed by J. Stephen Street, Esq. and 22.5 hours for work performed by Dane Anderson, Esq.  See Decl. of Stephen Street ¶ 4 ("Street Decl."); Decl. of Dane Anderson ¶ 4.  After careful review of the detailed time entries provided by counsel, the Court finds that the hours requested are reasonable.

Second, regarding a reasonable hourly rate, the Court finds that the hourly rate requested by Plaintiff for Mr. Street and Mr. Anderson are reasonable.  Mr. Street was admitted to the Hawaii bar in 1975 and requests a rate of $325 per hour.  Based on the Court's knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, the Court finds that the hourly rate requested by Plaintiff for Mr. Street is reasonable.  Mr. Anderson was admitted to the Hawaii bar in 2010 and requests a rate of $150 per hour.  Based on the Court's knowledge of the prevailing rates in the community, the Court finds that the hourly rate requested by Plaintiff for Mr. Anderson is reasonable.  The Court finds that the following rates and hours are reasonable:

| **ATTORNEY** | **HOURS** | **RATE** | **LODESTAR** |
|---|---|---|---|
| J. Stephen Street, Esq. | 10.3 | $325.00 | $3,347.50 |
| Dane Anderson, Esq. | 22.5 | $150.00 | $3,375.00 |
| *Hawaii General Excise Tax* | | 4.712% | *$316.76* |
| **TOTAL** | | | **$7,039.26** |

Finally, the Court finds that Plaintiff is also entitled to an award for $472.95 in costs reasonably incurred in this action.  See Street Decl. ¶ 4.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART as follows:

(1)  Default judgment be entered in Plaintiff's favor and against Defendants jointly and severally;

(2) Plaintiff be awarded $87,570.00 in statutory damages under the Copyright Act;

(2) Plaintiff be awarded $25,000.00 in statutory damages under the Digital Millennium Copyright Act;

(3) Plaintiff's request for injunctive relief be GRANTED; and

(4) Plaintiff be awarded $7,512.21 in attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 25, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**PACIFIC STOCK, INC. V. KONA KUSTOM TOURS LLC.; CIVIL NO. 14-00326 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**