IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KONA KUSTOM TOURS LLC, ET )<br>AL., )<br>)<br>Defendants. )<br>_____ ) | CIVIL 14-00326-ACK-RLP |

ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION

Findings and Recommendation having been filed and served on all parties on November 25, 2014, and no objections having been filed by any party, IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the "FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KONA KUSTOM TOURS LLC, A HAWAII LIMITED LIABILITY COMPANY, DBA KONA KUSTOM TOURS, AND DEFENDANT PHILIP D. DAVIDSON,[1] AN INDIVIDUAL, AKA PHILIP DAVIDSON," docket

---

[1] The Court notes that default judgment is appropriate as against all Defendants in light of the allegations in the Complaint that Defendant Philp D. Davidson is vicariously liable for Defendant Kona Kustom Tours LLC's copyright infringements because Davidson "is the sole owner and manager of [Kona Kustom Tours], is the registrant and administrator of the

entry no. 17, are adopted as the opinion and order of this Court.

The Court notes that it concurs with the magistrate judge that the balance of the equities in this case supports injunctive relief. See eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). Plaintiff has demonstrated irreparable harm will result absent injunctive relief, as Defendants' unauthorized use of the Copyrighted Works interferes with and undercuts Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale of the photographs. Defendants' unlawful use of Plaintiff's photographic works diminishes the value of the original works by diluting the market for them and undermining their distinctiveness. Moreover, while Plaintiff is entitled to statutory monetary damages, it nevertheless appears that monetary damages are insufficient to compensate for Defendants' ongoing copyright violations. Notwithstanding notice by Plaintiff, Defendants continue to infringe on

---

konakustomtours.com web domain, and enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and/or removal or alteration of copyright management information associated with the photographic works at issue." (Compl. ¶ 18.)  Generally, upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987)  (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)); see also United States v. Suganuma, 546 F. Supp. 2d 996, 1001 (D. Haw. 2008). Thus, here, because a default has been entered, the Court must take Plaintiff's allegations regarding Davidson's vicarious liability as true for purposes of determining whether an entry of default judgment is appropriate. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.2002); Geddes, 559 F.2d at 560; see also American Cash Card Corp. v. AT&T Corp., 210 F.3d 354 (2d Cir. 2000) (upholding default judgment entered against two principals of plaintiff corporation, finding allegations in the complaint (taken as true following entry of default) sufficient to support piercing the corporate veil); In re Burwell, 391 B.R. 831, 837 (B.A.P. 8th Cir. 2008) (relying on the allegations in the complaint to uphold the trial court's entry of default judgment piercing the corporate veil and holding the debtor liable for corporate debts).

twelve of the fourteen Copyrighted Works and have failed to appear in this action. There is therefore every indication that Defendants will continue to infringe upon the Copyrighted Works. Monetary damages alone cannot fully compensate Plaintiff for the harm arising from this continuing infringement. See Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1155 (Fed. Cir. 2011) (noting that monetary damages are inadequate compensation where "[t]here is no reason to believe that [the defendant] will stop infringing, or that the irreparable harms resulting from its infringement will otherwise cease, absent an injunction"). Likewise, the balance of hardships tips in favor of Plaintiff, as Defendants could easily remove the infringing images from their website while still continuing to maintain its commercial purpose. Conversely, as discussed above, Plaintiff continues to suffer financial harm because of Defendants' unlawful use of his photographic works. Finally, as the magistrate judge noted, enforcing the Copyright Act and the DMCA is manifestly in the public interest. See N.D. v. Haw. Dep't of Educ., 600 F.3d 1104, 1113 (9th Cir. 2010) ("[I]t is obvious that compliance with the law is in the public interest."). For all of these reasons, the Court agrees with the magistrate judge that injunctive relief is appropriate in this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 22, 2014



_____
Alan C. Kay
Senior United States District Judge

Pacific Stock, Inc. v. Kona Kustom Tours LLC, et al., Civ. No. 14-00326 ACK RLP, Order Adopting Findings and Recommendation